UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| VENTURE COMMUNICATIONS COOPERATIVE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES VALLEY COOPERATIVE TELEPHONE COMPANY, and NORTHERN VALLEY COMMUNICATIONS, LLC, <br><br> Defendants. | 3:20-CV-03011-RAL <br><br><br> ORDER ON PENDING MOTIONS |

There are four pending motions in this case: (1) Defendants' Motion to Compel, Doc. 33, seeking to compel better responses from Plaintiff to three requests for production and one request for admission; (2) Defendants' Motion to Compel Answers to Interrogatories, Doc. 34, seeking to compel better answers from Plaintiff to three interrogatories; (3) Plaintiff's Motion for an Order Compelling Production of Documents, Doc. 35; and (4) Plaintiff's Motion for Leave to File Amended Complaint, Doc. 38. Plaintiff opposes Defendants' Motions to Compel, Docs. 37, 40, and Defendants oppose Plaintiff's Motion to Compel and motion to amend its complaint, Docs. 41, 43. The motions have been thoroughly briefed with a number of additional documents submitted into the CMECF record. Docs. 33, 33-1–33-6, 34, 34-1–34-3, 35, 36, 36-1–36-4, 37, 37-1–37-2, 38, 38-1, 39, 39-1–39-2, 40, 41, 41-1–41-5, 42, 43, 44, 45, 46. This Court cannot help but wonder how much further along this case might be if the parties had put as much effort into working cooperatively in discovery as they have in staking out positions on the discovery disputes.

1

I.      **Motion for Leave to Amend Complaint**

This Court first addresses Plaintiff's Motion for Leave to File Amended Complaint, Doc. 38. Plaintiff filed the motion within the time set by the Rule 16 Scheduling Order in this case, Doc. 29 at ¶ 4, and attached the proposed amended complaint highlighting changes as required by Local Rule. D.S.D. Civ. LR 15.1; Doc. 38-1. The proposed amended complaint adds no new party and, despite alleging civil conspiracy in the Fifth Cause of Action and for reasons explained below, no new cause of action. Doc. 38-1. Rather, the proposed amended complaint augments allegations under the heading "The Parties' Longstanding Disputes" to contend that part of Defendants' animus toward Plaintiff stems from Defendants' "access stimulation" or "traffic pumping" practices being opposed by Plaintiff's CEO Randy Houdek in his capacity as "an active member" of the Board of Managers of South Dakota Network, LLC (SDN), a provider network to which both Plaintiff and Defendants belong. Doc. 38-1 at 11–12. Plaintiff's other substantive change in the proposed amended complaint is to allege a Fifth Cause of Action of Civil Conspiracy. Doc. 38-1 at 19–20. The civil conspiracy allegations no doubt are connected to this Court's discussion in its prior Opinion and Order of civil conspiracy as an alternative ground why Defendant James Valley Cooperative Telephone Company (James Valley) should not be dismissed. Doc. 20 at 8–9.

Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint, Doc. 43, argues, with some merit, that a parent company like James Valley cannot form a civil conspiracy with a wholly-owned subsidiary like Northern Valley Communications, LLC, citing cases including Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 771–77 (1984) (holding that a parent corporation and its wholly owned subsidiary are incapable of conspiring with one another under § 1 of the Sherman Act); Fogie v. THORN Am., Inc., 190 F.3d 889, 898–

99 (8th Cir. 1999) (holding that a parent corporation and its subsidiaries are incapable of committing a RICO conspiracy). Defendants also argue that the added allegations supporting Defendants' alleged motive to act tortiously or otherwise wrongly to undermine Plaintiff is "implausible" and thus leave to amend should be denied.

No South Dakota court has directly addressed whether a parent and subsidiary can form an agreement actionable as a civil conspiracy under South Dakota law. See Berg v. Johnson & Johnson, CIV. 09-4179-KES, 2013 WL 12411821, at *2 (D.S.D. Sept. 12, 2013). Indeed, there is quite a split of authority over whether a parent and subsidiary can form an agreement actionable as a civil conspiracy. Some courts find that a civil conspiracy can arise from the actions of a parent and subsidiary. See Fortis Advisors LLC v. Fishawack Med. Commc'n Ltd., No.: 20cv607-LAB-AGS, 2021 WL 308279, at *4–5 (S.D. Cal. Jan. 29, 2021) (rejecting defendants' argument that Copperweld Corp. forecloses an actionable civil conspiracy between a parent corporation and its subsidiary under California law); Stryker Corp. v. Ridgeway, Nos. 1:13–CV–1066, 1:14–CV–889, 2015 WL 5308038, at *16–17 (W.D. Mich. Sept. 10, 2015) (holding that a parent corporation and its subsidiary can commit a civil conspiracy under Michigan law because such entities are separate and distinct from one another); All Energy Corp. v. Energetix, LLC, 985 F. Supp. 2d 974, 995 (S.D. Iowa 2012) (finding no Iowa cases adopting the intracorporate immunity doctrine and declining to apply the doctrine on a motion to dismiss for failure to state a claim); ASARCO LLC v. Am. Min. Corp., 382 B.R. 49, 76–80 (S.D. Tex. 2007) (predicting that a civil conspiracy between a parent corporation and its wholly owned subsidiary is actionable in at least some circumstances under Arizona law based on 50-state survey conducted by the court); TRC Self Storage Dev., LLC v. Public Storage, Inc., No. 07–cv–00351–WDM–MEH, 2007 WL 2936322, at *3 (D. Colo. Oct. 9, 2007) (holding that plaintiff alleged enough facts to state a claim for civil

conspiracy between parent corporation and its subsidiary under Colorado law); Nilavar v. Mercy Health Sys. Western Ohio, 142 F. Supp. 2d 859, 888–89 (S.D. Ohio 2000) (rejecting the defendants' argument that a parent corporation and its subsidiary cannot commit a civil conspiracy under Ohio law); SEECO, Inc. v. Hales, 22 S.W.3d 157, 173 (Ark. 2000) (declining to apply intracorporate immunity doctrine beyond the antitrust realm); Metro. Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd., 762 S.W.2d 646, 651–52 (Tex. App. 1988) (holding that a parent corporation and its wholly owned subsidiary are separate legal entities, and therefore, can commit a civil conspiracy under Texas law).

Some courts hold that a parent and subsidiary cannot form a civil conspiracy. See St. Jude Med., S.C., Inc. v. Biosense, Webster, Inc., 994 F. Supp. 2d 1033, 1052 (D. Minn. 2014) (finding that a parent corporation and its subsidiary are incapable of committing a civil conspiracy under Minnesota law (citing Palm Beach Polo, Inc. v. Dickinson Fin. Corp., 221 F.3d 1343 (8th Cir. 2000) (unpublished))); Clay v. Consol Pa. Coal Co., LLC, 955 F. Supp. 2d 588, 599–601 (N.D. W. Va. 2013) (holding that parent corporation and its subsidiary are not separate entities but rather acted as "one consciousness," and therefore, plaintiff cannot state a claim for civil conspiracy under West Virginia law); Alonso v. McAllister Towing of Charleston, Inc., 595 F. Supp. 2d 645, 652–53 (D.S.C. 2009) (holding that South Carolina does not recognize a claim for civil conspiracy between a parent corporation and its wholly owned subsidiary because such entities are not separate actors); Norkol/Fibercore, Inc. v. Gubb, 279 F. Supp. 2d 993, 1000 (E.D. Wis. 2003) (noting that a parent corporation and its wholly owned subsidiary cannot conspire with one another under Wisconsin law); Siegel Transfer, Inc. v. Carrier Exp., Inc., 856 F. Supp. 990, 1009 (E. D. Pa. 1994) (holding that it is well established under Pennsylvania law that a parent corporation and its subsidiaries cannot commit a civil conspiracy); Okusami v. Psych. Inst. of Washington, Inc.,

959 F.2d 1062, 1066–67 (D.C. Cir. 1992) (affirming dismissal of civil conspiracy claim between a subsidiary, its officer, and two parent corporations because such parties operate as a single entity); Pizza Mgmt., Inc. v. Pizza Hut, Inc., 737 F. Supp. 1154, 1165–66 (D. Kan. 1990) (holding that a civil conspiracy between a parent corporation and its subsidiary is not actionable under Kansas law); Chrysler Credit Corp. v. Rebhan, 311 S.E.2d 606, 609 (N.C. Ct. App. 1984) (holding that a parent corporation and its wholly owned subsidiary cannot commit a civil conspiracy under Michigan law).

Nothing in this Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Doc. 20, should be read as predicting how the Supreme Court of South Dakota would rule on whether a parent and subsidiary can form a civil conspiracy. The parties had not briefed that issue, and this Court simply mentioned civil conspiracy as an alternative ground to deny dismissal of James Valley as a party defendant. South Dakota law, however, makes clear that civil conspiracy "is not an independent cause of action, but is sustainable only after the underlying tort claim has been established." Sancom, Inc. v. Qwest Commc'ns Corp., 643 F. Supp. 2d 1117, 1132 (D.S.D. 2009); see also Kirlin v. Halverson, 758 N.W.2d 436, 455 (S.D. 2008) (civil conspiracy not an "independent cause of action" but an "agreement to commit a tort").

Rule 15(a) of the Federal Rules of Civil Procedure requires at this stage of the case the opposing party's written consent or leave of court for Plaintiff to amend the complaint. Under Rule 15(a), this Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to consider in deciding whether to grant leave to amend a complaint include whether the motion was filed in bad faith or with dilatory motive, whether there was undue delay in filing the motion, whether leave to amend would be unduly prejudicial to any opposing party, and whether the proposed amendment would be futile. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th

Cir. 1998). The proposed amended complaint was not filed in bad faith, or with dilatory motive or undue delay, nor is there any undue prejudice to Defendants by allowing the proposed amendment of the complaint. Defendants instead argue that the amendment would be futile. Denial of a motion to amend for futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted).

The proposed amendment of the complaint to allege an additional motive for Defendants' actions is not so implausible as to be futile. The additional cause of action for "civil conspiracy" is, like the claim of "unfair competition" in the Fourth Cause of Action, see Doc. 20 at 24, not a viable separate cause of action under South Dakota law. Sancom, Inc., 643 F. Supp. 2d at 1132; Kirlin, 758 N.W.2d at 455. This Court could discern from the original complaint facts that, if a parent and subsidiary could form a civil conspiracy under South Dakota law, the Plaintiff could allege such a theory. This Court will grant leave to file the amended complaint, but makes two things clear: (1) the dismissal of the Third Cause of Action for Fraud and Fourth Cause of Action for "Unfair Competition" in Doc. 20 stands; and (2) the Fifth Cause of Action for Civil Conspiracy is, like the unfair competition claim, not a separate cause of action and whether South Dakota law permits a claim of a parent-subsidiary conspiracy is a question this Court likely will address later. As the prior Opinion and Order made clear, civil conspiracy was an alternative ground for James Valley not being dismissed as a party from this action; thus, whether civil conspiracy can exist between a parent and subsidiary under South Dakota does not determine whether James Valley is entitled to be dismissed from this suit. Doc. 20 at 7–8. Other allegations exist in this case that

justify James Valley being a named Defendant, regardless of the existence of a civil conspiracy claim involving a parent and subsidiary under South Dakota law.

## II.    Motions to Compel

Both Plaintiff and Defendants have filed motions to compel discovery. Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality is gauged by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Id.; see United States v. One Assortment of 93 NFA Regul. Weapons, 897 F.3d 961, 966 (8th Cir. 2018).

This Court is familiar with the factual allegations and defense themes both from ruling on Defendants' motion to dismiss and from the lengthy briefing submitted by the parties on the pending motions. Discussing each discovery dispute separately with the competing arguments and views of relevant facts would prolong this order and delay ruling unnecessarily. This Court finds neither Plaintiff nor Defendants completely in the right and will award no sanctions to any party under Fed. R. Civ. P. 37.

## III.    Order

For good cause, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint, Doc. 38, is granted and Plaintiff must file its proposed amended complaint within seven days of this order. It is further

ORDERED that Defendants' Motion to Compel, Doc. 33, is granted in part and denied in part as follows:

1.  Defendants' motion to compel on Request for Production (RFP) 6 is denied. Either party could seek production from the other side of nonprivileged documents, if any, the party created or possessed explaining or discussing its interpretation of the Alternative Connect America Cost Model (A-CAM-I) or the second A-CAM II. RFP 6, as written, is confusing and appears to seek different material than that.

2.  Plaintiff's responses to RFP 13 and 14 are to the effect that such documents will be produced through December 31, 2019. This lawsuit was filed April 14, 2020, and that date shall be the cut-off date for production in response to RFP 13 and 14.

3.  Plaintiff must respond anew to Request for Admission (RFA) 9 to address A-CAM II funding, as that was the thrust of RFA 9.

It is further

ORDERED that Defendants' Motion to Compel Answers to Interrogatories, Doc. 34, is denied with respect interrogatory answers 4 and 5, as those answers are sufficient at this time, but granted with respect to interrogatory answer 7. This Court believes it proper to allow both sides of this lawsuit some latitude to conduct discovery on the claimed animosity between Plaintiff and its CEO Randy Houdek and Defendants and their CEO James Groft. This Court recognizes that the relevance of the animosity allegedly of Defendants and Groft toward Plaintiff and Houdek is central to certain claims, but cannot conclude that animosity in the opposite direction is not relevant at this time. It is finally

ORDERED that Plaintiff's Motion to Compel Production of Documents, Doc. 35, is granted, except that this Court limits the applicable time frame to beginning January 1, 2015, rather than back to January 1, 2014.

DATED this 18ᵗʰ day of March, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE